UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>KN PETROLEUM, LLC, et al.,<br><br>Defendants. | Case No. 4:24-cv-03653-KAW<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 24, 33 |

On December 9, 2024, Plaintiff filed a motion for terminating sanctions, or in the alternative, monetary sanctions. (Pl.'s Mot., Dkt. No. 24.) The Court issued two orders to show cause in connection with this motion for Defendants' failure to timely file an opposition and set an order to show cause hearing for March 6, 2025, at which Defendants' client representatives were explicitly ordered to appear. (Dkt. No. 33 at 2.)

On March 6, 2025, the Court held a hearing on the motion for sanctions and on the orders to show cause. Defense counsel Gregory J. Antone and Defendants' client representatives failed to appear, while Plaintiff's counsel Tanya Moore appeared via videoconference. After considering the briefing and arguments made, for the reasons set forth below, the Court GRANTS IN PART Plaintiff's motion for sanctions.

## I. BACKGROUND

Plaintiff Gerardo Hernandez is a disabled individual who is substantially limited in his ability to walk and uses a wheelchair for mobility. He filed this action on June 18, 2024, seeking removal of barriers to his access at a gas station known as San Mateo Alliance, located at 1471 East Third Avenue in San Mateo, California ("the Facility"). Plaintiff alleges that the Facility is owned and operated by Defendants KN Petroleum LLC and KN Stations LLC. Defendants are

represented by Gregory J. Antone.

This case seeks, in part, relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), and is, therefore, controlled by the procedures established by the Northern District's General Order 56. The purpose of General Order 56 is to facilitate early settlement of access claims by generally staying the proceedings until the parties have complied with the General Order's procedure. Defendants' repeated noncompliance with General Order 56's procedures has resulted in Plaintiff incurring additional attorney's fees to procure Defendants' cooperation.

Initially, Plaintiff had to file a motion for administrative relief to compel Defendants to participate in the joint site inspection, which required by Paragraph 7. (Dkt. No. 16.) In granting that motion, the Court ordered Defendants to cooperate and admonished them that further failure to cooperate in the General Order 56 requirements may subject them to sanctions. (Dkt. No. 17.) Thereafter, the parties conducted the joint site inspection on October 3, 2024. (Decl. of Tanya E. Moore, "Moore Decl.," Dkt. No. 24-1 ¶ 2.) Under General Order 56, the settlement meeting was to be conducted within 35 days of the joint site inspection, or by November 7, 2024. (General Order 56 ¶ 8(a).) Following the settlement meeting, the parties are then required to attend mediation before the stay is lifted. (*See* General Order 56 ¶¶ 9-10.)

Defendants failed to cooperate with Plaintiff regarding General Order 56's requirements and refused to provide initial disclosures and schedule a settlement meeting, requiring Plaintiff to bring a second motion for administrative relief, which was granted on November 7, 2024. (Dkt. No. 23.) In that order, Defendants were ordered to cooperate with the scheduling of the settlement meeting, and to agree to a date for the meeting to take place no later than December 9, 2024. *Id.* The Court also granted Plaintiff's request for leave to file a motion for sanctions if Defendants did not comply with that order. *Id.*

Despite agreeing to conduct the settlement meeting on December 2, 2024, Defendants failed to attend without any explanation. (Moore Decl. ¶ 4.) Defendants also failed to serve initial disclosures as required by General Order 56, so Plaintiff was unable to evaluate their defenses based on the construction and alteration history of the premises. (Moore Decl. ¶ 3.)

On December 9, 2024, Plaintiff filed the instant motion for sanctions. (Pl.'s Mot., Dkt. No.

1  24.) Defendants did not timely oppose the motion, so, on January 6, 2025, the Court issued an
2  order to show cause to Defendants why the motion should not be granted as unopposed and
3  ordered Defendants to file a response to the order to show cause and an opposition or statement of
4  non-opposition by January 13, 2025. (Dkt. No. 27.)  On January 13, 2025, instead of formally
5  requesting an extension of the deadline to respond to the order to show cause and file the
6  opposition, defense counsel emailed the Court seeking an extension of time, which included
7  arguments pertaining to the merits of this case.  Since relief cannot be obtained via email, on
8  January 16, 2025, the Court issued a second order to show cause and ordered Defendants to
9  respond by January 24, 2025. (Dkt. No. 28.)

On January 24, 2025, Defendants filed a single document responding to the orders to show cause and opposing the pending motion for sanctions. (Defs.' Opp'n, Dkt. No. 29.)  On January 31, 2025, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 30.)

On February 13, 2025, the Court set a hearing on the order to show cause for March 6, 2025, and continued to hearing on the motion for sanctions for the same date, and ordered that Defendants' client representatives personally appear. (Dkt. No. 33.)  In ordering that appearance, the Court permitted Defendants' client representatives to appear remotely, along with Ms. Moore, whose request for remote appearance had been previously granted. *Id.* at 2, n. 2.  Mr. Antone, however, absent a formal request to appear remotely, was expected to appear in person. *Id.* Despite being ordered to serve the prior orders on his clients,[1] neither Mr. Antone nor his clients appeared at the hearing on the motion for sanctions and orders to show cause. (*See* 3/6/25 Minute Entry, Dkt. No. 34.)

## II.   DISCUSSION

### A.   Motion for Sanctions

Plaintiff seeks reimbursement of attorney's fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A). (Pl.'s Mot. at 6.)  Pursuant to Rule 37(b)(2)(A), "[i]f a party or a party's officer, director, or managing agent ... fails to obey an order to provide or permit discovery,

---

[1] It is unknown whether Defendants were ever served.

3

including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Rule 37(b)(2), lists several sanctions a court may impose and also provides for an award of reasonable expenses in lieu of or in addition to any of those sanctions. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) & 37(b)(2)(C). "The scope of sanctions for failure to comply with a discovery order is committed to the sound discretion of the district court." *Payne v. Exxon Corp.*, 121 F.3d 503, 510 (9th Cir. 1997). The Northern District has awarded monetary sanctions in similar situations where defendants have flouted the General Order 56 requirements. *See, e.g., Johnson v. 480 Geary St., LLC*, No. 19-CV-02460-JSW, 2020 WL 12654453, at *2 (N.D. Cal. May 28, 2020).

As an initial matter, the Court declines to impose terminating sanctions, but will address Plaintiff's request for the imposition of monetary sanctions. (*See* Pl.'s Mot. at 6.) In connection with the alternative request for monetary sanctions, Plaintiff requests that the Court again order Defendants to comply with its prior order to schedule and attend the General Order 56 settlement meeting, and to provide initial disclosures. *Id.* Plaintiff also requests that the Court admonish Defendants that further non-compliance will result in terminating sanctions. *Id.*

Instead of addressing his conduct, defense counsel attempts to excuse it based on his perception of the merits of this case. (Defs.' Opp'n at 2-3.) The merits of the sanctions motion, which involves conduct during the discovery process, is not the same as the ultimate merits of the claims alleged. Indeed, regardless of the merits of the case, Defendants have an obligation to follow the procedures set forth in General Order 56. The fact that Ms. Moore did not produce an expert report prior to the settlement meeting does not excuse Defendants' failure to appear. *Id.* at 3. Moreover, the fact that Defendants attached initial disclosures, dated January 24, 2025, does not excuse the fact that they were due one week before the joint site inspection, which occurred on October 3, 2024. (*See* Pl.'s Reply at 4.)

Thus, Defendants have failed to comply with General Order 56, and violated multiple court orders telling them do so. As a result, the Court finds that Defendants' repeated discovery misconduct warrants the imposition of monetary sanctions.

///

**B.     Appropriate Relief**

      **i.     Amount of Sanctions**

Plaintiff seeks monetary sanctions in the amount of $9,453.50 for attorneys' fees and costs incurred due to Defendants' misconduct. Specifically, Plaintiff seeks Plaintiff seeks $6,263.50 in connection with the motion for sanctions, and $3,190 in connection with the reply brief. (*See* Pl.'s Mot. at 7; Pl.'s Reply at 6.)

To calculate reasonable attorney's fees, courts follow the lodestar approach. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.* "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

Courts in this district have previously found Plaintiff's counsel Tanya Moore's hourly rate of $475 and paralegal Whitney Law's hourly rate of $195 reasonable. *See, e.g., Block v. Gennaro's Ltd. Liab. Co.,* No. 21-CV-00192-VKD, 2022 WL 2307203, at *12 (N.D. Cal. June 27, 2022) (collecting cases); *Hernandez v. BMV Hotels, LP*, No. 18-CV-07511-NC, 2021 WL 5053491, at *2-3 (N.D. Cal. Apr. 14, 2021). Plaintiff seeks the approval of the same rates for purposes of this motion. (Pl.'s Mot. at 6-7.) The Court finds that Plaintiff's hourly rates are reasonable.

In terms of the reasonableness of the time spent, Ms. Moore billed 6.7 hours on efforts to obtain Defendants' cooperation with General Order 56 requirements, including the prior administrative motions and the opening brief for the instant motion, for a total of $3,182.50. (Moore Decl. ¶ 5, Ex. A.) Paralegal Whitney Law has spent a total of 15.8 hours on these efforts,

for a total of $3,081.00. *Ids.* Plaintiff's counsel provided billing records in support of her request. (Billing records, Moore Decl. ¶ 5, Ex. A.)

Defendants' opposition did not address the reasonableness of Plaintiff's billing rates or the amount of time. Rather, Defendants spent one and one-half pages disputing the merits of the entire case, rather the merits of this motion for sanctions. (*See* Defs.' Opp'n at 2-3.)

In reply, Plaintiff seeks another $3,190, representing an additional 2.2 hours in attorney time and 11 hours in paralegal time. (Pl.'s Reply at 5; Suppl. Moore Decl. ¶ 7.)  While the Court would generally question such an expense on reply, Plaintiff was required to address the merits of the case based on Defendants' wholly inappropriate opposition.  This included obtaining a declaration from Plaintiff's accessibility consultant Robert Marquis, who provided photographs documenting the condition of the Facility on June 10, 2024. (*See* Decl. of Robert Marquis, Dkt. No. 30-2.)  Thus, given the thoroughness of the reply brief, the Court finds that the amount of time expended was reasonable.

Accordingly, Plaintiffs' motion for sanctions is granted, and Defendants KN Petroleum LLC and KN Stations LLC, jointly and severally,[2] are ordered to pay sanctions in the amount of $9,453.50.

### ii. Disciplinary Committee Referral

While Plaintiff did not request a disciplinary referral, the Court finds that one is warranted. In response to the Court's order to show cause, Mr. Antone brought up several mental and physical conditions to explain why he did not timely respond to the motion for sanctions or the first order to show cause.  Based on Mr. Antone's representations, the Court is concerned that these conditions interfere with his ability to adequately represent his clients. The Court notes that he is counsel of record in one other open case in this district, *SUMCO Phoenix Corp. v. Integris/Millennium Joint Venture, LLC,* 21-cv-00472-EMC.  In that case, Mr. Antone was recently unable to meaningfully participate in two discovery disputes due to his current condition, and he stated that he did not believe that he could continue representing his client in that matter.

---

[2] This means that each corporate defendant is responsible for paying the full amount of the sanctions award.

Discovery Letter Briefs, *SUMCO Phoenix Corp. v. Integris/Millennium Joint Venture, LLC*, 21-cv-00472-EMC (Feb. 20, 2025), ECF Nos. 140 & 141.

Mr. Antone's failure to appear at the hearing suggests that he is likely unable to represent his clients in accordance with California Rule of Professional Conduct 1.1, which provides that "[a] lawyer shall not intentionally, recklessly, with gross negligence, or repeatedly fail to perform legal services with competence." Cal. R. Pro. Conduct Rule 1.1(a). "Competence" includes the ability to apply the "mental, emotional, and physical ability reasonably necessary for the performance of [legal] services." Cal. R. Pro. Conduct Rule 1.1(b).

In light of the foregoing, the Court refers Mr. Antone to the Northern District's Standing Committee on Professional Conduct for disciplinary proceedings pursuant to Civil Local Rule 11-6(e). Mr. Antone is advised that any similar conduct going forward will be reported to the State Bar of California.

### III.  CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART Plaintiff's motion for sanctions. Specifically, while the Court denies the request for terminating sanctions, the Court awards Plaintiff sanctions against Defendants KN Petroleum LLC and KN Stations LLC, jointly and severally, in the amount of $9,453.50, which shall be payable within 21 days of this order.

Additionally, the Court rules as follows:

1. Defendants shall participate in a settlement meeting as required by General Order 56 within 28 days of this Order;
2. The deadline to conduct the settlement meeting under General Order 56 is hereby extended to 28 days from the date of this Order;
3. The deadline for the parties to file a Notice of Settlement of ADA Access Case or Notice of Need for Mediation and Certification of Counsel is hereby extended to 35 days from the date of this Order.

Notwithstanding, Defendants are advised that further failure to comply with General Order 56 and/or the Court's Orders may result in terminating sanctions.

Additionally, Mr. Antone is referred to the U.S. District Court for the Northern District of

1  California's Standing Committee on Professional Conduct for further investigation pursuant to
2  Civil Local Rule 11-6(e).
3      Finally, on or before March 13, 2025, Mr. Antone is ordered to serve copies of the
4  following orders on his clients and file a certificate of service: (1) a copy of this order; (2)
5  Defendant's Opposition to the motion for sanctions (Dkt. No. 29); and (3) the Court's order setting
6  the hearing on the orders to show cause (Dkt. No. 33).  The failure to timely file a certificate of
7  service may result in the imposition of terminating sanctions, and judgment being entered in
8  Plaintiff's favor and against Defendants.
9      IT IS SO ORDERED.
10 Dated: March 6, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge