UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>KN PETROLEUM, LLC, et al.,<br><br>Defendants. | Case No. 4:24-cv-03653-KAW<br><br>**FIRST ORDER TO SHOW CAUSE TO DEFENSE COUNSEL**<br><br>Re: Dkt. Nos. 35, 37, 38 |

On December 9, 2024, Plaintiff filed a motion for sanctions. (Dkt. No. 24.) Defendants did not timely oppose the motion, so, on January 6, 2025, the Court issued an order to show cause and ordered Defendants to file a response to the order to show cause and an opposition or statement of non-opposition to the motion by January 13, 2025. (Dkt. No. 27.)

On January 13, 2025, instead of formally requesting an extension of the deadline to respond to the order to show cause and file the opposition, defense counsel Gregory J. Antone emailed the Court seeking an extension of time. Mr. Antone was advised by court staff that he needed to file a request on the docket. Mr. Antone did not file a formal request for relief, and, on January 16, 2025, the Court issued a second order to show cause and ordered Defendants to respond by January 24, 2025. (Dkt. No. 28.)

On January 24, 2025, Defendants filed a single document responding to the orders to show cause and opposing the pending motion for sanctions. (Defs.' Opp'n, Dkt. No. 29.) On February 13, 2025, the Court set a hearing on the order to show cause for March 6, 2025, and continued the hearing on the motion for sanctions for the same date and ordered that Defendants' client representatives personally appear. (Dkt. No. 33.) Mr. Antone was also ordered to serve a copy of that order and a copy of "Defendants' Opposition to Plaintiff's Motion for Sanctions" (Dkt. No.

1  29) on his clients. (Dkt. No. 33 at 2.)

2  Despite ordering the appearance of counsel and his clients, nobody appeared at the March 6, 2025 hearings on the motion for sanctions and the order to show cause.  The motion for sanctions was granted against Defendants KN Petroleum LLC and KN Stations LLC, jointly and severally, in the amount of $9,453.50, and Mr. Antone was referred for disciplinary proceedings before the Northern District's Standing Committee on Professional Conduct. (3/6/25 Order Granting in Part Plaintiff's Motion for Sanctions, "3/6/25 Order," Dkt. No. 35 at 7-8.)  Mr. Antone was advised that any similar conduct going forward would be reported to the State Bar of California. *Id.* at 7.  Given the nonappearance of his clients at the hearing, Mr. Antone was again ordered to serve those prior documents, and a copy of the order imposing sanctions on his clients. *Id.* at 8.  Mr. Antone was ordered to file a certificate of service by March 13, 2025. *Id.*

On March 14, 2025, Mr. Antone left a voicemail for the Court explaining his absence at the March 6, 2025 hearing despite multiple admonitions regarding the impropriety of engaging in *ex parte* communications.  In the voicemail, Mr. Antone made an improper oral request, and the Court immediately admonished him for doing so. (*See* 3/14/25 Order Regarding Defense Counsel's Improper Ex Parte Communications, Dkt. No. 36.)

On March 17, 2025, Mr. Antone filed a document titled "Defendants' Notice of Intent to File Motion for Reconsideration regarding Plaintiff's motion for sanctions." (Dkt. No. 37.)  In the filing, Mr. Antone explained that he had emailed a judge on the San Mateo County Superior Court regarding his inability to appear at a hearing that same week, and that he thought he had copied this Court on that email. *Id.* at 1.  Therein, he described multiple health issues in detail and requested that "no further negative action be taken while I fight my disability and file [the motion for reconsideration]." *Id.* at 2-3.  Mr. Antone stated that he would file the motion that same day. *Id.* at 1.

On March 18, 2025, Mr. Antone filed an amended notice of intent, and informed the Court that he would file a motion for reconsideration by March 24, 2025, which would then be set for hearing on April 17, 2025. (Dkt. No. 38 at 1.)

As an initial matter, Defendants must obtain leave of court before filing a motion for

reconsideration. Civil L.R. 7-9(a) (N.D. Cal. 2024). Second, motions must be properly noticed for hearing not less than 35 days after filing. Civil L.R. 7-2(a). Thus, even if leave is granted, any motion for reconsideration would not be heard on April 17, 2025. Finally, Defendants' deadline to pay the sanctions award remains March 27, 2025, absent an extension by the Court.

Given the totality of Mr. Antone's conduct, the Court is concerned that his clients are unaware of what has transpired in this lawsuit. First, Defendants' client representatives did not appear at the March 6, 2025 hearing despite being ordered to do so. Second, Mr. Antone does not appear to have served his clients in accordance with the March 6, 2025 court order, because the March 13, 2025 deadline to serve and file the certificate of service has passed and no certificate of service has been filed despite the filing of other documents. (*See* 3/6/25 Order at 8.)

Accordingly, on or before **April 4, 2025**, Mr. Antone shall respond to this order to show cause and explain why he failed to serve the documents on his clients and file the certificate of service by March 13, 2025 as ordered. Additionally, by **April 4, 2025**, Mr. Antone is ordered to serve the following documents on his clients and file a certificate of service:

1. Defendants' Opposition to Plaintiff's Motion for Sanctions (Dkt. No. 29);
2. Order Setting Hearing on Orders to Show Cause (Dkt. No. 33);
3. Order Granting in part Plaintiff's Motion for Sanctions (Dkt. No. 35);
4. Defendants' Notice of Intent to File Motion for Reconsideration regarding Plaintiff's motion for sanctions (Dkt. No. 37);
5. This order.

The failure to timely respond to this order to show cause, serve Defendants with all of the documents listed, and file a certificate of service may result in the March 6, 2025 sanctions award being imposed against Mr. Antone personally, rather than his clients, as well as Mr. Antone being referred to the State Bar of California's Committee on Professional Responsibility and Conduct.

IT IS SO ORDERED.

Dated: March 21, 2025

KANDIS A. WESTMORE
United States Magistrate Judge

3